UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CR-60067-HUCK/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARRYLE MCINTYRE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

On or about October 29, 2010, court-appointed defense counsel Richard Docobo (hereinafter "counsel") submitted a voucher application numbered FLS 10 4843 with appended time sheets requesting $7,682.70[1] as final payment for attorney's fees and costs pursuant to the Criminal Justice Act ("CJA"). Counsel represented defendant Darryle McIntyre ("defendant") for over eight (8) months from his appointment on February 18, 2010 until October 29, 2010.

The $7,682.70 counsel seeks as compensation is below the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. United States District Judge Paul C. Huck entered an Order of Reference (DE# 109, 1/10/11) referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate

---

[1] The total requested on the voucher is $7,682.27. However, there is a mathematical error and the total requested by counsel should be $7,682.70.

Judge Rules. The undersigned spoke to counsel and requested that counsel provide the undersigned with a memorandum explaining the charges contained in his voucher. On January 21, 2011, counsel provided the undersigned with a two-page memorandum.

### Criminal Justice Act and Guidelines for Administration of the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (hereinafter "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 6.02(B) of the Guidelines.

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

### DISCUSSION

### Voucher Amount - Administrator's Review

The Court's CJA administrator reviewed the voucher for compliance with the

Guidelines and mathematical accuracy prior to the undersigned's review. Counsel seeks compensation for 4.7 in-court hours at the hourly rate of $125 per hour for a total of $587.50. Counsel seeks compensation for 3.2 hours for "Arraignment and/or Plea," and 1.5 hours for "Sentencing hearings." The CJA administrator did not reduce the total amount of in-court hours requested by counsel. Instead, the CJA Administrator re-categorized some of the time entries submitted by counsel as follows. The CJA Administrator reduced the time counsel sought for "Arraignment and/or plea" to 1.7 hours, added 1.0 hours to "Bail and detention hearings" and added 0.5 to "Other." The total for in-court hours (4.7 hours) remained the same.

The CJA administrator also reviewed the $7,000.00 counsel billed for 56 hours of out-of-court time. Counsel seeks compensation for 30.3 hours for "Interviews and Conferences," 3.6 hours for "Obtaining and reviewing records," 13.6 hours for "Legal research and brief writing" and 8.5 hours for "Travel time." The CJA administrator reduced the time counsel spent in "Legal research and brief writing" to 12.4 hours and reduced counsel's "Travel time" to 7.5 hours. As adjusted, the corrected total for out-of-court hours is $6,725.00. The proper total for both in-court and out-of-court hours is $7,312.50 (a decrease of $275.00). Counsel also seeks $95.20 in "Travel Expenses." The CJA administrator reduced this amount to $74.00.

## In-Court Hours[2]

Counsel made five in-court appearances in this case on February 23, 2010, March 4, 2010, March 31, 2010, July 19, 2010, and September 28, 2010. Counsel

---

[2] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

seeks $587.50 for 4.7 in-court hours at a rate of $125.00 per hour for these appearances. The CJA Administrator made corrections to the allocation of hours; however, the amount sought remains the same. The amount of time spent by counsel in Court appears to be reasonable. The undersigned recommends that counsel recover the full amount for in-court hours.

## Out-of-Court Hours

After the CJA Administrator's reductions, counsel seeks $6,725.00 for 53.8 out-of-court hours billed at a rate of $125.00 per hour. In this case, the defendant was charged by indictment with conspiracy to distribute 50 grams or more of cocaine base in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) (Count I), conspiracy to distribute 500 grams or more of cocaine in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B) (Count II) and two counts of distribution of cocaine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2 (Count V and VI). The time frame for the conspiracy was from on or about July 23, 2009 to on or about February 17, 2010. On July 9, 2010, the defendant pled guilty to Counts V and VI of the indictment. See Minute Entry (DE# 80, 7/12/10). Count I and II were dismissed on the government's motion. The defendant was sentenced to 144 months as to each of Counts V and VI.

At first glance, 53.8 hours of out-of-court time appears to be an excessive amount of hours for a guilty plea in this type of case. However, as counsel explained, the preparation of this case led to the relatively favorable outcome for the defendant. Counsel has indicated that the defendant "faced the very real possibility of life in prison"

4

based on the counts alleged in the indictment and the defendant's criminal history.[3] Counsel further noted that "a thorough understanding of the transactions and the investigation of possible exculpatory evidence was required for effective representation.

The undersigned has reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories. The CJA administrator made two adjustments to the out-of-court hours listed on the voucher submitted by counsel. Specifically, the CJA administrator reduced the 13.6 hours counsel sought for "Legal research and brief writing" to 12.4 hours due to an entry for 1.2 hours of legal research claimed to have been performed on December 15, 2009, which is before the case began. Additionally, the CJA administrator reduced the amount of hours sought for "Travel time" from 8.5 hours to 7.5 hours. The CJA administrator disallowed 1.0 hours in travel time for client visits on September 25, 2010 and September 27, 2010 because there were no receipts to evidence that these client visits took place. The undersigned's review of the voucher application confirms that these reductions are indeed appropriate.

The undersigned has reviewed each of the remaining entries listed in the voucher application. The vast majority of out-of-court hours spent by counsel are appropriate. The undersigned concludes, however, that some additional reductions are warranted. On February 25, 2010, counsel billed 1.5 hours for reviewing the indictment. The undersigned finds that 1.5 hours for reviewing the eight-page indictment in this case is excessive and recommends that this time entry be reduced to 0.2 hours. Counsel billed 1.1 hours for "[r]eview of PACER and ECM/CF [sic] documents" on

---

[3] The defendant ultimately pled to Counts V and VI which carry a statutory maximum of 20 years for both counts.

February 22, 2010, 0.5 hours on September 17, 2010 for "[r]eview of [p]leadings" and 1.0 hour for "[r]eview of [p]leadings" on September 29, 2009. These billings entries are not sufficiently detailed to allow the undersigned to determine their reasonableness. Accordingly, the undersigned recommends that all three billing entries be disallowed. On April 30, 2010, counsel billed 0.5 hours for a telephone call with Expedia Imaging regarding viewing DVDs on office computers. The undersigned recommends that this billing entry be disallowed as clerical work.

The undersigned finds that the remaining charges in the voucher application are appropriate. Several factors contributed to increased attorney's fees in this case. Counsel reviewed hundreds of hours of recorded surveillance. He spent time reviewing approximately 850 pages of discovery documents relating to thirty-three (33) separate incidents, researched the current revisions to the Fair Sentencing Act 2010 and conducted several lengthy interviews. In light of these circumstances, the undersigned finds that the amount charged by counsel, with the aforementioned reductions, is a reasonable amount.

In considering awards to counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel." United States v. Mukhtaar, No. 06 Cr 31 (SWK), 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA

"was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." United States v. Diaz, 802 F. Supp. 304, 307 (C.D. Cal. 1992) (quoting United States v. Carnevale, 624 F. Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, the undersigned concludes that an award of $6,175.00 for out-of-court hours is reasonable.

### Expenses

Counsel seeks $95.20 in "Travel Expenses" for parking fees and mileage. The CJA administrator reduced this amount to $74.00 because counsel did not produce receipts for client visits on September 25, 2010 and September 27, 2010. The undersigned approves the amount of $74.00 for "Travel Expenses" as reasonable.

### CONCLUSION

In sum, based upon the undersigned's review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher and having received a memorandum of explanation from counsel, the undersigned RECOMMENDS that counsel be paid a total of **$6,836.50** ($587.50 for in-court hours, $6,175.00 for out-of-court hours and $74.00 for travel expenses) as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written

objections with the Honorable Paul C. Huck, United States District Judge.

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **28th** day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
Counsel of record

8